## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## CIVIL DIVISION

AUDREY L. BODDIE                                                           PLAINTIFF

Vs.                              CASE NO: CV-2014-261-5

WALGREENS, INC.                  5:14-CV-0279 JMM                DEFENDANT

### COMPLAINT

Comes now the Plaintiff, Audrey Boddie, by and through her attorneys, McKissic &
Associates, P.L.L.C., and as for her complaint against the Defendant, Walgreens, L.L.C., states
as follows:

**I. The Parties**

1. That the Plaintiff, Audrey Boddie, at all times relevant hereto was a resident of
Jefferson County, Arkansas, residing at 3011 W. 14th, Pine Bluff, AR 71603.

2. That Defendant Walgreens, Inc.., (hereinafter "Walgreens") is a limited liability
company registered in the State of Arkansas, with its principal place of business in Deerfield,
Illinois. The registered agent for service of process Prentice-Hall Corporation System, 300 S.
Spring St., Suite 900, Little Rock, Arkansas, 72201.

3. That the Defendant Walgreens has no fictitious names registered with the Arkansas
Secretary of State.

**II. Jurisdiction**

4. That this lawsuit arises out of Walgreens's breach of duty as a proprietor to Plaintiff, as
a patron and invitee, to exercise ordinary care to keep its place of business reasonably safe,
resulting in Plaintiff's injury.

5. That this Court has jurisdiction and venue is proper.

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 11:58 O'CLOCK ⌐ M
JUN 19 2014 _____DATE
LAFAYETTE WOODS, SR., CLERK

### III. Statement of Facts

6. That on the night of May 28, 2013, Plaintiff was present at Walgreens located at 500 s. University, in Little Rock, Arkansas, as an invitee and patron and was entering Defendant's establishment to purchase goods.

7. That on May 28, 2013, Defendant was open to patrons and guests.

8. That Defendant was open for business and invited the general public to enter and patronize Defendant's establishment.

9. That Plaintiff attempted to enter Defendant's establishment via the front doors.

10. That Plaintiff received no prior indication or warning that construction was taking place in Defendant's establishment and that the conditions were therefore hazardous to her safety and well-being.

11 That upon opening entering door to Defendant's establishment, men were working and plywood was loose and sticking up from the floor of Defendant's entry way.

12. That Plaintiff did not see the loose plywood and tripped over the plywood.

13. That Plaintiff was subsequently taken to St. Vincent Infirmary, where he was treated for fracture to the right foot.

14. That Defendant had a duty to maintain its entry way in a safe and operable condition for invitees and patrons.

15. That Defendant failed to maintain the entry way in a safe and usable condition.

16. That it was foreseeable that invitees and patrons attending Defendant's establishment during business hours would enter the Defendant's establishment through the front entrance.

17. That as a result of the conduct of Defendant's failure to exercise ordinary care in maintaining the premises, Plaintiff suffered fracture and sprain to her right foot.

**IV. Defendant Walgreens's Duty of Care to Invitees**

18. Under Arkansas law, an invitee is a person who goes upon the premises of another for a purpose connected with the owner's business or for a purpose mutually beneficial to himself and the owner and by the invitation of the owner. Boudreau v. Wal-Mart Stores, Inc., 249 F.3d 715.

19. The invitation may be express or implied from the circumstances under which the person enters the premises. *Id.*

20. Arkansas law provides that a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if he:

> Knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

> Should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

> Fails to exercise reasonable care to protect them against the danger.
*(Restatement (Second) of Torts* § 343 (1965)).

21. An owner assumes duty to exercise reasonable care to ensure that premises shall not contain dangerous obstructions, pitfalls, or the like which result in injury to invitee. *Little Rock Land Company v. Raper*, 245 Ark. 641, 433 S.W.2d 836.

22. An invitee is entitled to be warned of latent danger known, or which by exercise of ordinary care should be known, to the owner or his employees. *Id.*

## COUNT I

**V. Defendant Walgreens's Breach of Duty to Plaintiff**

23. Plaintiff restates and incorporates the allegations contained in paragraphs 1 through 22 as fully set forth herein.

3

24. That Plaintiff was an invitee on Defendant's premises in that she entered Defendant's premises pursuant to an invitation for the purposes of purchasing products in Defendant's establishment.

25. As set forth above, Defendant Walgreens owed the Plaintiff, as invitee, a duty to maintain the premises in a reasonably safe condition, and that Defendant failed to do so or to warn of the hazard caused by the loose plywood and construction near the entrance of the establishment.

26. That the Plaintiff had no knowledge of the existence of the condition of Defendant's floor and entry way and could not appreciate the probability and gravity of the danger involved in entering the Defendant's establishment.

27. That the condition of the entry way was not obvious to the Plaintiff and that the Plaintiff could not have avoided the danger with reasonable care.

28. That Defendant failed to exercise reasonable care in maintaining the floor and entry way to prevent injury to Plaintiff.

29. That after Plaintiff was injured, she had to seek medical attention right away and had to undergo therapy and continued medical treatment after that day.

30. Defendant breached its duty to exercise ordinary care in keeping its premises safe to prevent Plaintiff from being injured on its premises and to warn Plaintiff of the dangerous conditions.

31. That Defendant's breach is the sole and proximate cause of Plaintiff's injuries in that but for Defendant's failure to act, Plaintiff would not have been injured.

32. That the proximate cause of the accident is the aforementioned negligence of Defendant Walgreens, L.L.C., and the injuries sustained by the Plaintiff is a direct result of said negligence of Walgreens, L.L.C.

33. That as a result of injuries sustained, Plaintiff endured grave pain and suffering in the past and is likely to suffer in the future. Further, as a result of Defendant's negligence, Plaintiff sustained serious permanent injuries and permanent disfigurement to her right foot.

34. Further, as a result of Defendant's negligence, Plaintiff has endured serious mental anguish in the past and is likely to suffer same in the future.

35. That as a result of Defendant's negligence, Plaintiff has received medical treatment and incurred medical bills for such treatment in the past and is likely to incur medical bills for future treatment.

WHEREFORE, Plaintiff respectfully prays that summons be issued notifying Defendant of this cause of action and after jury trial, and for damages as prayed for herein in an amount determined by jury for the following:

(1) Past and future medical expenses;

(2) Past and future mental anguish;

(3) Past and future pain and suffering;

(4) Past and future physical impairment; and

(5) Costs and legal fees.

Respectfully submitted,
Audrey Boddie

McKissic & Associates, P.L.L.C.
Attorneys at Law
P.O. Box 9587

116 W. 6th Avenue
Pine Bluff, AR 71601

By: _____
    JESSICA S. YARBROUGH (2010048)
    Attorneys for Plaintiff